UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SANDKNOP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-2077 RLW |
| ) | |
| DOUG PRUDDEN, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Christopher Sandknop for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period. As a result, petitioner must show cause why it should not be summarily dismissed.

On July 12, 2013, petitioner pled guilty as a chronic offender to one count of driving while intoxicated. *Missouri v. Sandknop*, No. 12SL-CR12196 (St. Louis County). On the same day, the court sentenced him to 10 years' imprisonment. The sentence required him to complete a long-term substance abuse treatment program. He did not file a direct appeal.

Petitioner successfully completed the treatment program on May 1, 2014. *See Sandknop v. Goldman*, No. ED101967 (Mo. Ct. App. 2014). After completion, the sentencing court was required to either release him on probation or execute the remainder of the sentence under Mo. Rev. Stat. § 217.362. *Id.* Instead, he remained in custody. *Id.* In July 2014, the court entered an "Amended Order of Probation Pursuant to Section 559.115 RSMO," ordering the Missouri Board of Probation and Parole to release him from the Department of Corrections on December 20, 2014, and place him on a five-year period of probation. *Id.*

On September 9, 2014, petitioner filed a petition for writ of mandamus in the Missouri Court of Appeals requesting an order directing the trial court to comply with the requirements of § 217.362. *Id.* On December 9, 2014, the court granted the petition and directed the lower court to either release him on probation or execute the remainder of the sentence. *Id.*

On December 16, 2014, the sentencing court ordered that petitioner be released from confinement and placed him on a five-year period of probation. However, petitioner violated the terms of probation, and on December 3, 2015, the court revoked his probation and ordered him to serve the remainder of his ten-year sentence. He did not appeal.

In this case, petitioner argues that the sentencing court erred in finding him to be a chronic offender because the State's evidence was insufficient to support the finding. Specifically, he says the court erred in taking judicial notice of the clerk's "computerized minutes" of his criminal history because they do not show whether he had been represented by counsel or waived counsel in the previous cases. He maintains that the court was required to have the full case files before him.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. The period is tolled during the pendency of any properly filed motion for postconviction relief. *Id.*

If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). As a result, petitioner's judgment became final on about July 22, 2013, and the period ended a year later. Petitioner did not take any action on the judgment until September 9, 2014, when he filed his petition for writ of mandamus. As a result, it appears that the one-year limitations period expired in July 2014 and this case is time-barred.

Furthermore, even if the limitations period was tolled through the mandamus proceedings until petitioner was resentenced on December 3, 2015, the petition would still be time-barred. For these reasons, petitioner must show cause why the petition should not be summarily dismissed. *See* 28 U.S.C. § 2254 Rule 4; *Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court may dismiss § 2254 petition as time-barred on its own motion).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner must show cause within twenty-one (21) days from the date of this Order why this action should not be dismissed as time-barred.

**If petitioner does not comply with this Order, the Court will dismiss this action without further proceedings.**

Dated this 1st day of July, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE