UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTOPHER SANDKNOP, )
)
Petitioner, )
)
v. ) No. 4:17-CV-2077 RLW
)
DOUG PRUDDEN, )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### Petition

On July 12, 2013, petitioner pled guilty as a chronic offender to one count of driving while intoxicated. *Missouri v. Sandknop*, Case No. 12SL-CR12196 (St. Louis County). On the same day, the court sentenced him to 10 years' imprisonment. The sentence required him to complete a long-term substance abuse treatment program. He did not file a direct appeal.

On December 16, 2014, after successfully completing a long-term substance abuse treatment program, the sentencing court ordered that petitioner be released from confinement and placed him on a five-year period of probation. Petitioner violated the terms of probation, however, and on December 3, 2015, the court revoked his probation and ordered him to serve the remainder of his ten-year sentence. He did not appeal.

---

[1] On August 1, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on July 18, 2017.

## Discussion

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. The period is tolled during the pendency of any properly filed motion for postconviction relief. *Id.* If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). As a result, petitioner's judgment became final on about July 22, 2013, and the one year period ended a year later. Petitioner did not take any action on the judgment until September 9, 2014, when he filed a petition for writ of mandamus.[2] As a result, the one-year limitations period expired in July 2014 and this case is time-barred.

In his response to the Order to Show Cause, petitioner asserts that he should be excused from the one-year statute of limitations because he was abandoned by counsel. He states that he retained counsel to pursue his habeas corpus rights under § 2254, but counsel intentionally and deliberately abandoned all petitioner's claims. In support of his claim of abandonment, petitioner attaches to his response a letter dated January 6, 2017 from attorney Brandon Fisher of the Fisher Law Firm. Mr. Fisher states that he "won't be able to take [petitioner's] case any further at this time." Mr. Fisher suggests petitioner retain counsel closer to St. Louis County, Missouri.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable

---

[2] The Court addressed petitioner's mandamus proceedings in its Memorandum and Order dated August 1, 2017. *See* Doc. 7 at 2.

2

tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner's assertions about abandonment of counsel are insufficient to allow equitable tolling. Petitioner's one-year limitations period expired in July 2014. It is unclear when he requested Mr. Fischer to represent him in habeas proceedings, but Mr. Fischer's letter stating he would not be able to take petitioner's case is dated three and a half years after petitioner was sentenced, and two and a half years after the statute of limitations ran on petitioner's § 2254 motion. There is no indication that plaintiff did anything in this period that would warrant equitable tolling.

Even assuming petitioner had requested Mr. Fisher's legal representation in July 2013, the Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"). Certainly, the Court has no evidence that Mr. Fisher did anything to make it impossible for petitioner to file a postconviction relief motion on time. Moreover, the Court has no evidence that petitioner was pursuing his rights diligently during the three and a half years after his sentence became final and before he received Mr. Fisher's letter. *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion)

(rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2017.